FILED

02/28/2017

Clerk of the
Appellate Courts



IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 7, 2017

## STATE OF TENNESSEE v. DARNELL KEITH ROBERTS

**Appeal from the Circuit Court for Weakley County**
**No. 2016-CR-18    Jeff Parham, Judge**

_____

## No. W2016-01542-CCA-R3-CD

_____

The defendant, Darnell Keith Roberts, pled guilty to aggravated robbery. The trial court subsequently sentenced the defendant, a Range II, multiple offender, to fifteen years of imprisonment. On appeal, the defendant contends the trial court imposed an excessive sentence. Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and CAMILLE R. MCMULLEN, J., joined.

Langdon S. Unger, Jr., Martin, Tennessee, for the appellant, Darnell Keith Roberts.

Herbert H. Slatery III, Attorney General and Reporter; Robert W. Wilson, Assistant Attorney General; Tommy A. Thomas, District Attorney General; and Kevin McAlpin, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### *Facts and Procedural History*

One morning around 6:30 a.m., the defendant entered a Q Mart convenience store in Weakley County, pointed a .45-caliber pistol in the store clerk's face, and stole approximately $300 in cash. The defendant subsequently got into a vehicle driven by Shaun Williams and left the scene. Both the defendant and Mr. Williams were indicted for aggravated robbery.

The defendant pled guilty to aggravated robbery as a Range II, multiple offender, with a sentence to be determined at a later hearing. The defendant then testified at Mr. Williams' trial, during which he accepted responsibility for his actions and stated he did not inform Mr. Williams he had just robbed the convenience store when Mr. Williams picked him up that morning. A Weakley County jury acquitted Mr. Williams.

Prior to the sentencing hearing, the State filed a statement of enhancement factors pursuant to Tennessee Code Annotated section 40-35-202(b)(1), indicating the defendant has a previous history of criminal convictions or criminal behavior in addition to that necessary to establish the appropriate range, the defendant has previously failed to comply with conditions of a sentence involving release in the community, and the defendant was on parole at the time he committed the offense at issue. The defendant also filed a statement of mitigating factors pursuant to Tennessee Code Annotated section 40-35-113, stating the defendant's criminal conduct neither caused nor threatened serious bodily injury, and the defendant was motivated by a desire to provide necessities for his family or self. At the start of the sentencing hearing, the State withdrew its intent to seek enhancement based on its prior assertion the defendant was on parole at the time of the commission of this offense.

At the defendant's sentencing hearing, the State called Keven Sanderfer, a probation and parole manager with the Department of Corrections, and Steve Howe, an investigator with the Dresden Police Department, to testify. Mr. Sanderfer confirmed the defendant had three prior felony convictions for aggravated robbery, all in Shelby County, and the defendant had been on probation for the second offense at the time he committed the third. Investigator Howe testified that at the time he arrested the defendant following the robbery, the defendant did not appear to be under the influence of drugs. According to Investigator Howe, the defendant initially denied knowledge of the robbery and gave conflicting statements. Eventually, the defendant confessed and pled guilty.

The defendant testified on his own behalf at the hearing. The defendant stated he had been at an unknown female's house all night prior to the robbery. He had been addicted to cocaine since the age of thirteen and thought he ingested cocaine the night preceding the robbery. Instead, he ingested methamphetamine, wanted more, and decided to rob Q Mart in order to obtain money to purchase more drugs. The defendant stated he called Mr. Williams on a cell phone belonging to the unknown female prior to robbing the store, and Mr. Williams picked him up after the robbery on a road behind the store. Despite entering Mr. Williams' car with a loaded gun and almost $300 in cash, the defendant continued to deny Mr. Williams knew he had just committed the robbery.

The trial court subsequently sentenced the defendant to fifteen years of incarceration to be served in the Tennessee Department of Correction at eighty-five percent and gave the defendant two-hundred and seventy-three days of pretrial jail credit. When imposing the sentence, the trial judge stated, "That is not the maximum, but based on the enhancement factors, it is justified in this case." With respect to the statutory enhancement factors it relied on when imposing the sentence, the trial court found the defendant had a previous history of criminal convictions in excess of those necessary to establish the appropriate range. The defendant had previously been convicted of three Class C felonies – one more than that necessary to establish the sentencing range.

The trial court additionally found the defendant was the leader in the commission of an offense involving more than one criminal actor. While a jury found Mr. Williams not guilty, the trial judge found this factor applicable because the defendant's testimony regarding Mr. Williams' limited knowledge as to why the defendant was leaving the convenience store so early the morning of the robbery with a gun and a large sum of cash unbelievable. Lastly, the trial court found the defendant was on probation at the time he committed his last aggravated burglary in Shelby County, so he had previously failed to comply with the conditions of a sentence involving release in the community.

The trial court found the mitigating factors proposed by the defendant inapplicable. The trial court noted he saw the surveillance video from the convenience store documenting the robbery during Mr. Williams' trial. The video showed the defendant pointing a loaded pistol in the store clerk's face, which the trial court found to constitute a threat of serious bodily injury. The trial court further found the defendant's actions were not motivated by a desire to buy necessities for himself or his family. Rather, based on the defendant's testimony, his actions were motivated by a desire to buy more drugs. Though the defendant was not a candidate for alternative sentencing, the trial court also found the defendant has not been amenable to rehabilitation in the past.

Following the sentencing hearing, the trial court entered a judgment reflecting the defendant's guilty plea and the sentence imposed. This timely appeal followed.

*Analysis*

On appeal, the defendant argues the trial court improperly enhanced his sentence for aggravated robbery from twelve years to fifteen years, effectively "penalizing [him] twice for his" aggravated robbery convictions. The State argues the trial court properly exercised its discretion in ordering a within-range sentence of fifteen years. Based on our review of the record, the defendant has not established his within range sentence of fifteen years was improper, so we affirm the sentence imposed by the trial court.

When the record establishes the sentence imposed by the trial court was within the appropriate range and reflects a "proper application of the purposes and principles of our Sentencing Act," this Court reviews the trial court's sentencing decision under an abuse of discretion standard with a presumption of reasonableness. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). A defendant is not entitled to the minimum sentence within the applicable sentencing range. *See State v. Carter*, 254 S.W.3d 335, 343 (Tenn. 2008). Rather, once the trial court determines the sentencing range, it "is free to select any sentence within the applicable range." Tenn. Code Ann. § 40-35-210 (a), (d); *Carter*, 254 S.W.3d at 343.

When determining the appropriate sentence, the trial court must consider these factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) the evidence and information offered by the parties on the mitigating and enhancement factors set out in Tennessee Code Annotated sections 40-35-113 and -114; (6) any statistical information provided by the Administrative Office of the Courts as to sentencing practices for similar offenses in Tennessee; and (7) any statement the defendant made in the defendant's own behalf about sentencing. *See* Tenn. Code Ann. § 40-35-210; *State v. Taylor*, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001). The trial court must also consider the potential or lack of potential for rehabilitation or treatment of the defendant in determining the sentence alternative or length of a term to be imposed. Tenn. Code Ann. § 40-35-103.

The trial court must state on the record its reason for imposing the sentence chosen, including which factors were considered. Tenn. Code Ann. § 40-35-210(e); *Bise*, 380 S.W.3d at 706. "Mere inadequacy in the articulation of the reasons for imposing a particular sentence, however, should not negate the presumption [of reasonableness]." *Bise*, 380 S.W.3d at 705-06. Accordingly, a sentence imposed by a trial court "should be upheld so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Id.* at 709-10. The party challenging the sentence on appeal bears the burden of establishing that the sentence was improper. Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.

Here, the defendant pled guilty to aggravated robbery as a Range II, multiple offender, with a sentence to be determined by the trial court following a hearing. Aggravated robbery is a Class B felony. Tenn. Code Ann. § 39-13-402(b). A Range II sentence for a Class B felony is between twelve and twenty years. Tenn. Code Ann. § 40-35-112(b).

Our review of the record reveals the trial court carefully considered the arguments of the parties, the evidence presented at the sentencing hearing, and the defendant's criminal history prior to imposing the within-range fifteen year sentence. The trial court noted the defendant's continual convictions for aggravated robbery indicate he is not likely to be rehabilitated. The trial court further correctly noted the defendant had one Class C felony conviction in excess of that required to establish the appropriate range. *See* Tenn. Code Ann. § 40-35-106(a)(1) (defining "multiple offender" in part as a defendant who has received "[a] minimum of two (2) but not more than four (4) prior felony convictions within the conviction class, a higher class, or within the next two (2) lower felony classes, where applicable"); *see also* Tenn. Code Ann. § 40-35-114(1) (enhancement factors to be considered include "[t]he defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range"). Moreover, based on the testimony rendered by Mr. Sanderfer, the defendant was on probation for his second aggravated robbery conviction at the time he committed his third offense. *See* Tenn. Code Ann. § 40-35-114(8) (enhancement factors also include "[t]he defendant, before trial or sentencing, failed to comply with the conditions of a sentence involving release into the community"). Lastly, based on the defendant's own testimony, the trial court found the defendant to be the leader of two actors in the commission of the aggravated robbery at issue. *See* Tenn. Code Ann. § 40-35-114(2) (enhancement factors also include [t]he defendant was a leader in the commission of an offense involving two (2) or more criminal actors").

The defendant failed to meet his burden of showing the trial court imposed an improper sentence. The trial court imposed an appropriate within-range sentence of fifteen years. Affording a presumption of reasonableness to the sentence imposed by the trial court, we affirm the defendant's sentence. The defendant is not entitled to relief on this issue.

### *Conclusion*

Based upon the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
J. ROSS DYER, JUDGE